UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK L. A. G.,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br>    Defendant. | Case No. CV 20-5727-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.   <u>INTRODUCTION</u>

Plaintiff Roderick L. A. G.[1] ("Plaintiff") challenges the Commissioner's denial of his application for supplemental security income ("SSI") under Title XVI of the Social Security Act. For the reasons stated below, the decision of the Commissioner is AFFIRMED.

///

///

///

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## II. SUMMARY OF PROCEEDINGS

On May 2, 2017, Plaintiff protectively applied for SSI alleging disability beginning January 1, 2015, due to schizoaffective disorder, amphetamine use disorder in remission, HIV, insomnia, and hypertension. (Administrative Record ("AR") 15, 141-46, 166.) His application was denied on September 18, 2017. (AR 62-76.) On October 20, 2017, Plaintiff filed a written request for hearing, and a hearing was held on April 3, 2019. (AR 29-61, 85-88.) Plaintiff, represented by counsel, appeared and testified, along with an impartial vocational expert. (AR 29-61.) On April 26, 2019, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[2] since May 2, 2017, the date the application was filed. (AR 24.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1-6.) Plaintiff filed this action on June 26, 2020. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 2, 2017, the application date. (AR 18.) At **step two**, the ALJ found that Plaintiff has the severe impairments of Human Immunodeficiency Virus (HIV), schizoaffective disorder, polysubstance abuse (methamphetamine) and hypertension. (AR 18.) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 18.)

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

---

[2] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

> [P]erform medium work . . . [except Plaintiff] can [lift] and carry 50 pounds occasionally and 25 pounds frequently[;] [h]e can stand and walk for 6 hours during an 8-hour work day, and can sit for 6 hours during an 8-hour work day[;] [h]e can occasionally perform detailed tasks[;] [h]e is able to occasionally interact with co-workers, supervisors and the public.

(AR 20.)

At **step four**, based on Plaintiff's RFC and the vocational expert ("VE")'s testimony, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 23.) At **step five**, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (AR 23-24.) Accordingly, the ALJ found that Plaintiff "has not been under a disability . . . since May 2, 2017, the date the application was filed." (AR 24.)

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "Substantial evidence . . . is 'more than a mere scintilla[,]' . . . [which] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, —U.S. —, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citations omitted); *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the

Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins v. Social Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV.  DISCUSSION

Plaintiff's contentions all concern alleged errors at step five. Specifically, Plaintiff contends: (1) the ALJ erred in relying on VE testimony regarding full-time work; (2) the ALJ erred in relying on VE testimony regarding occasional capacity for detailed tasks; and (3) substantial evidence does not support the ALJ's step five determination. (Joint Submission ("JS") at 5-7, 15-20, 23-29, 35.) The Commissioner disagrees, arguing forfeiture, lack of merit, and lack of apparent conflict. (JS at 7-15, 20-23, 29-35.) For the reasons below, the Court affirms.

### A.  Applicable Legal Standards

At step five of the sequential disability analysis, it is the Commissioner's burden to establish that, considering the claimant's residual functional capacity, the claimant can perform other work. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014) (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). To make this showing, the ALJ may rely on the testimony of a VE. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The ALJ may pose accurate and detailed hypothetical questions to the VE to establish: (1) what jobs, if any, the claimant can do; and (2) the availability of those jobs in the national economy. *Garrison*, 759 F.3d at 1011.

The VE then translates the ALJ's scenarios into "realistic job market probabilities" by testifying about what kinds of jobs the claimant can still perform and whether there is a sufficient number of those jobs available in the economy. *Id.* (quoting *Tackett*, 180 F.3d at 1101). "[I]n the absence of any contrary evidence, a VE's testimony is one type of job information that is regarded as inherently reliable; thus, there is no need for an ALJ to assess its reliability." *Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017).

B.  **The ALJ's Decision**

At step five, the VE testified that an individual with Plaintiff's age, education, work experience, and RFC would be able to perform the requirements of representative occupations such as linen room attendant, hospital cleaner, and dishwasher. (AR 58-59.) The ALJ determined that the VE's testimony was consistent with the information contained in the DOT. (AR 24.) Adopting the VE's testimony, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, and Plaintiff was, therefore, not disabled. (AR 24.)

C.  **Discussion**

1. **Full-Time Work**

Plaintiff contends that the ALJ erred by not restricting his question to the VE at step five to full-time work. (JS at 5-7, 15-18.)

At the hearing, the ALJ asked the VE a series of hypothetical questions, asking the VE to consider a hypothetical person with the same age, education, work background and RFC as Plaintiff. (AR 58.) After the VE testified that such a hypothetical person could not do Plaintiff's past work, the ALJ asked, "Could this person do other work?" (AR 58.) The VE testified that such a person could do some unskilled jobs, such as linen room attendant, hospital cleaner, and dishwasher. (AR 59.)

///

Plaintiff argues that the ALJ's hypothetical question to the VE was incomplete because it permitted the consideration of part-time work, which is inconsistent with the regulations and agency policy. (JS at 6.) Relying on evidence from Occu Collect,[3] which he presented to the Appeals Council, Plaintiff argues that the error is material because "a significant number of jobs within each category of work represent part-time work," and it is unclear whether the VE would have identified those jobs had the ALJ restricted his question to full-time work. (JS at 6-7.)

The Commissioner contends that Plaintiff forfeited his vocational argument by not raising it at the hearing; Plaintiff's argument is, nevertheless, meritless; and the ALJ is not required to reconcile conflicts between the VE's testimony and non-DOT sources. (JS at 7-11, 13-15.)

Here, the Court finds that Plaintiff forfeited his argument regarding not specifically restricting the hypothetical question to the VE to full-time work. Plaintiff was represented by counsel at the hearing, and counsel did not cross-examine the VE on whether the jobs identified were full-time, despite questioning the VE on two hypothetical questions of his own.[4] (AR 60). Thus, Plaintiff forfeited the issue. *See Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) ("[A]t least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal."); *see also Shaibi v. Berryhill*, 883 F.3d 1102, 1109-10 (9th Cir. 2017) (holding that challenges to a VE's job numbers based on an alleged conflict with alternative sources of job information must be raised "in a general sense before the ALJ" to preserve a claimant's challenge).

---

[3] According to the Commissioner, Occu Collect is a for-profit company, for which Plaintiff's attorney is the president and holds a 51% financial interest. (JS at 13 n.6). Plaintiff states that Occu Collect reports data from government sources. (JS at 17.)

[4] Plaintiff's counsel questioned the VE solely on whether past relevant work or any jobs would be available if such an individual had an additional limitation for problems concentrating and focusing so that the individual would be off task 15 percent of the day on a consistent basis. (AR 60.)

6

In the Reply, Plaintiff argues that he is permitted to submit rebuttal evidence to the Appeals Council, and the evidence is timely. (JS at 16). Submitting new evidence to the Appeals Council, however, "does not resolve the forfeiture issue" where claimant failed to raise the argument at the administrative hearing. *Shapiro v. Saul*, 833 F. App'x 695, 696 (Mem) (9th Cir. 2021) (relying on *Meanel* and *Shaibi* and finding "the submission of new evidence to the Appeals Council does not resolve the forfeiture issue, because the issue was not first raised before the ALJ"); *see also Ford v. Saul*, 950 F.3d 1141, 1159 n.14 (9th Cir. 2020) (challenging a VE's testimony may occur by cross-examining the VE at the hearing on apparent conflicts, making a request to the ALJ to "submit supplemental briefing or interrogatories contrasting the [VE]'s specific job estimates with estimates of the claimant's own," or, raising new evidence before the Appeals Council *if the ALJ declines the request for supplemental briefing*) (quoting *Shaibi*, 883 F.3d at 1110); *Tommy D. J. v. Saul*, 2021 WL 780479, at *4 (C.D. Cal. Mar. 1, 2021) (finding challenge to VE's testimony forfeited where new evidence was submitted to the Appeals Council but the issue was not raised before the ALJ); *McCloud v. Berryhill*, 2018 WL 987222, at *4-5 (C.D. Cal. Feb. 20, 2018) (finding plaintiff waived challenge on appeal based on the OOH by failing to raise it before ALJ, even though it was raised before the Appeals Council). Plaintiff's failure to raise the issue at the hearing of whether the VE's testimony was restricted to full-time work precludes Plaintiff from overcoming forfeiture of that issue.[5]

Plaintiff argues that the Court should not rely on *Shapiro* because the opinion is unpublished and conflicts with another unpublished opinion, *Jaquez v. Saul*, 840 F. App'x 246 (Mem) (9th Cir. 2021). (JS at 16.) In *Jaquez*, the Ninth Circuit reversed and remanded on the issue of job numbers where plaintiff submitted evidence to the Appeals Council contradicting the VE's testimony and the evidence had not been

---

[5] Plaintiff implies that he did not raise the full-time issue at the hearing because it is difficult to anticipate what the VE will testify. (JS at 16.) The Court is not persuaded. In this context, asking the VE whether the jobs identified are full-time takes little, if any, preparation and anticipation on behalf of a claimant's attorney.

7

presented to the ALJ. *Jaquez*, 840 F. App'x at 247. In a footnote, the Ninth Circuit found that plaintiff did not forfeit the issue because "it appears that the Appeals Council considered this evidence in denying [plaintiff's] appeal." *Id.* at 247 n.2 (citing *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157 (9th Cir. 2012)). It appears that the Ninth Circuit in *Jaquez* may have overlooked a distinguishing factor in *Brewes*. In *Brewes*, the Ninth Circuit held that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes*, 682 F.3d at 1159-60. Of relevance here is that in *Brewes*, the claimant had raised the issue to the ALJ about the impact of missing two or more days of work per month and then submitted "additional evidence" from claimant's treating providers opining that claimant would miss "quite a few days a month" of work to the Appeals Council that "was directly responsive to the vocational expert's testimony." *Id.* at 1163-64. Thus, *Brewes* is consistent with the process set forth in *Meanel* and *Shaibi*, both of which are published and binding decisions. For these reasons, the Court finds *Shapiro* more persuasive than *Jaquez* and consistent with the Ninth Circuit's binding decisions in *Meanel*, *Shaibi*, and *Brewes*. Accordingly, Plaintiff has forfeited his vocational argument by not raising it at the hearing.

      Even were the Court to assume that Plaintiff's argument were not forfeited, it would be meritless. First, there is no indication in the record that the VE included the availability of part-time work when answering the hypothetical questions posed at step five. As the Commissioner argues, the ALJ expressly informed the VE prior to the hearing that it was necessary "to consider vocational factors in order to determine whether or not the claimant is able to engage in any substantial gainful activity." (AR 125.) In addition, the VE, who had over 30 years of experience in vocational rehabilitation consulting and worked as a VE for the Social Security

Administration since 1996, presumably knew that an RFC assessment was "an individual's ability to do sustained work-related . . . activities in a work setting" for "8 hours a day, for 5 days a week," and that she was asked to identify national jobs that constituted full-time substantial gainful activity. (AR 53, 195-96); Soc. Sec. Ruling ("SSR") 96-8p, 1996 WL 374184 at *1. Further, during the hearing, there appeared to be no confusion over whether the VE was testifying about the availability of solely full-time work. Not only did Plaintiff's attorney not ask the VE whether the jobs identified were all full-time, he did not restrict his own hypothetical questions to full-time work. (AR 60.) The record does not support Plaintiff's speculative argument that the VE did not restrict her testimony to full-time work.

Second, Plaintiff's arguments fail because the ALJ was entitled to rely on the VE's testimony. "[T]he Social Security Administration relies primarily on the [DOT] for information about the requirements of work in the national economy," and a VE's testimony generally should be consistent with it. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) (quoting SSR 00-4p, 2000 WL 1898704 at *2). When there is a conflict between the DOT and a VE's testimony, neither automatically prevails over the other. *Id*. The ALJ must determine whether a conflict exists and, if so, determine whether the expert's explanation for the conflict is reasonable and whether there is a basis for relying on the expert rather than the DOT. *Id*. Here, the ALJ found the VE's testimony consistent with the DOT. (AR 24.)

The ALJ was not required to consider whether the VE's testimony was consistent with Occu Collect, a non-DOT source. *See Shaibi*, 883 F.3d at 1109-10 (finding no duty to inquire into an alleged conflict between the VE's testimony and non-DOT sources); *see also Maxwell v. Saul*, 840 F. App'x 896, 899 (9th Cir. Dec. 15, 2020) (rejecting plaintiff's argument that ALJ failed to resolve conflict between VE's testimony and non-DOT vocational resources because an ALJ "does not have an affirmative obligation to resolve such conflicts") (citing *Shaibi*, 883 F.3d at 1109-10); *Grether A. D. v. Saul*, 2021 WL 1664174, at *8 (C.D. Cal. Apr. 28, 2021)

(finding ALJ had "no duty to consider whether the vocational expert's testimony was consistent with [non-DOT] sources [including Occu Collect]"). In any event, Plaintiff's lay interpretation and unexplained conclusions about the Occu Collect data does not undermine the VE's testimony. *See David G. v. Saul*, 2020 WL 1184434, at *5 (C.D. Cal. Mar. 11, 2020) ("Plaintiff's subjective lay assessment of the data [from various non-DOT sources] is insufficient to undermine the VE's analysis."), *aff'd* 837 F. App'x 516 (9th Cir. Feb. 22, 2021)).

In sum, Plaintiff forfeited his vocational argument, but even assuming he did not, his argument is meritless.

### 2. Occasional Capacity for Detailed Tasks

Plaintiff contends that the ALJ erred by not resolving apparent conflicts between his RFC for occasional detailed tasks and the jobs identified by the VE. (JS at 18-20, 23-24.) Specifically, he argues that the ALJ failed to resolve an apparent conflict between the limitation to occasional detailed tasks and the tasks required to perform the linen room attendant job, which involves reasoning Level 3 work. (JS at 19.) Plaintiff further argues that the ALJ failed to resolve an apparent conflict between the limitation to occasional detailed tasks and the detailed but uninvolved tasks required to perform the dishwasher and hospital cleaner jobs, which involve reasoning Level 2 work. (JS at 20.)

The VE testified that a person with the RFC the ALJ found to exist could perform the jobs of linen room attendant, hospital cleaner, and dishwasher, stating that all were medium with SVP 2. (AR 59.) When the ALJ asked the reasoning level for the three identified occupations, the VE testified that the hospital cleaner and dishwasher jobs were reasoning Level 2 and "oh, linen room attendant is a 3." (AR 59.) The ALJ asked for another representative occupation for a person with Plaintiff's RFC, and the VE testified, "[O]h, well, let me double check if you're looking at reasoning – oh, a hand packager," with reasoning Level 2. (AR 59.)

///

Plaintiff argues that the ALJ failed to resolve an apparent conflict between Level 3 reasoning work and a limitation to occasional detailed tasks. Reasoning Level 3 jobs require the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations."[6] DOT, App. C, (4th ed. Rev. 1991), 1991 WL 688702. A linen room attendant "[s]tores, inventories, and issues or distributes bed and table linen and uniforms in establishments, such as hotels, hospitals, and clinics: Collects or receives and segregates, counts, and records number of items of soiled linen and uniforms for repair or laundry, and places items in containers." DOT No. 222.387-030.

Plaintiff's reliance on *Zavalin v. Colvin*, 778 F.3d 842 (9th Cir. 2015), is inapposite here. In *Zavalin*, the Ninth Circuit held that "there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning," and observed that "simple, repetitive" correlates more with a Level 2 reasoning. *Zavalin*, 778 F.3d at 847. Here, the RFC is different from that in *Zavalin*, as the ALJ did not limit Plaintiff to performing simple, repetitive tasks, *i.e.,* no detailed tasks. Contrary to Plaintiff's argument, *Zavalin* does not stand for the proposition that the ability to perform reasoning Level 3 work has an apparent conflict with a limitation to occasional detailed tasks. Plaintiff does not cite any authorities on point, and it appears that the Ninth Circuit has not yet addressed the issue.

Based on this record, it is not clear whether the VE intended to include the linen room attendant job as a representative occupation once she realized that the job

---

[6] "There are six GED Reasoning Levels that range from Level One (simplest) to Level Six (most complex)." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015). "SVP ratings speak to the issue of the level of vocational preparation necessary to perform the job, not directly to the issue of a job's simplicity, which appears to be more squarely addressed by the GED [reasoning level] ratings." *Meissl v. Barnhart*, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005).

11

required reasoning Level 3. If the ALJ was going to rely on the VE's identification of the linen room attendant job, he should have clarified whether a person with Plaintiff's limitations could perform this job since the VE seemed surprised when she realized that it required a Level 3 reasoning level. (AR 59.) If the VE replied that such a person could still perform the linen attendant job, the ALJ should have "ask[ed] the VE to explain in some detail why there [was] no conflict between the DOT and [Plaintiff's] RFC," especially because the ALJ seemed to have reservations about the reasoning level for that job. *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017); *see also Cali v. Berryhill*, 2017 WL 1276947, at *6 (C.D. Cal. Apr. 4, 2017) ("[T]he [DOT] reflects that each of the representative occupations the ALJ identified at step five requires Level 3 reasoning development – a level of complexity which appears to exceed the abilities of a claimant who can understand, remember, and carry out only "some detailed tasks."") (internal footnote omitted).

Even assuming the ALJ erred by relying on the linen attendant job to find non-disability, any error would be harmless because, contrary to Plaintiff's argument, there was no apparent conflict between Plaintiff's limitation to occasional detailed tasks and the remaining jobs, which require Level 2 reasoning. *See Shaibi*, 883 F.3d at 1110 n.7 (finding error at step five harmless where plaintiff could perform the two remaining jobs identified). Level 2 jobs require the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DOT, App. C, 1991 WL 688702.

Plaintiff argues that the Court should determine that the ability to perform detailed but uninvolved tasks with few variables is consistently required in Level 2 work. (JS at 20.) The Court is not persuaded, finding no support for Plaintiff's argument and ultimate conclusion that a limitation to occasional detailed tasks conflicts with Level 2 work. The Ninth Circuit has cited with approval the notion that a limitation to simple, routine tasks is consistent with Level 2 reasoning. *See*

*Zavalin*, 778 F.3d at 847 (citing with approval Tenth Circuit case noting that Level Two reasoning "appears more consistent" with a limitation to simple, routine tasks). Unpublished Ninth Circuit decisions have concluded that a limitation to simple, repetitive tasks is consistent with Level 2 reasoning. *See Turner v. Berryhill*, 705 F. App'x 495, 498-99 (9th Cir. 2017) ("The RFC determination limiting [claimant] to 'simple, repetitive tasks' . . . is compatible with jobs requiring Level 2 reasoning."); *Lara v. Astrue*, 305 F. App'x 324, 326 (9th Cir. 2008) ("[S]omeone able to perform simple, repetitive tasks is capable of doing . . . Reasoning Level 2 jobs."). It stands to reason, then, that a person who can do more than simple, repetitive tasks can also perform Level 2 reasoning. *See Davis v. Saul*, 846 F. App'x 464, 466 (9th Cir. 2021) (limitation to simple work, some detailed work, and some 3-4 step tasks consistent with reasoning Level 2); *Roberson v. Berryhill*, 2017 WL 1173907, at *6 (C.D. Cal. Mar. 29, 2017) (no error where jobs identified by VE required Level 2 reasoning and RFC was for occasional detailed or complex tasks); *see also Truong v. Saul*, 2019 WL 3288938, at *5 (S.D. Cal. July 19, 2019) (RFC limitation to "detailed non-complex instructions" closely tracks Level 2 reasoning requirement for carrying out "detailed but uninvolved" instructions), *adopted by* 2019 WL 3936153 (S.D. Cal. Aug. 20, 2019). The Court finds no apparent conflict between Plaintiff's ability to perform occasional detailed tasks and the Level 2 jobs identified.

In sum, any error was harmless with respect to Plaintiff's capacity for occasional detailed tasks and the jobs identified at step five.

### 3. Step Five Determination

Plaintiff contends that substantial evidence does not support the ALJ's step five determination. (JS at 24-29, 35.)

Plaintiff, again, relies on data he submitted for the first time to the Appeals Council, namely the Occupational Requirements Survey ("ORS") and O*NET OnLine. (JS at 25-26.) He argues that this data presented to the Appeals Council rebuts the VE's testimony regarding the number of jobs available for the identified

13

jobs "that do not have bona fide occupational requirements to stand/walk more than six hours in an eight-hour day, to avoid more than occasional interaction with others, and engage in full-time work activity." (JS at 26.) He argues that a "reasonable person" would not be convinced that the job numbers remained reliable. (JS at 26.) Plaintiff argues that in submitting rebuttal evidence to the Appeals Council, the issue is not forfeited and the evidence is properly in the record. (JS at 28.)

As discussed above, Plaintiff forfeited his argument, and submitting new evidence to the Appeals Council does not cure the forfeiture. *See Meanel*, 172 F.3d at 1115; *Shaibi*, 883 F.3d at 1109-10; *Shapiro*, 833 F. App'x at 696.

Even were the Court to assume that Plaintiff's argument were not forfeited, it would be meritless because the ALJ was entitled to rely on the VE's testimony. The ALJ found the VE's testimony consistent with the DOT.[7] (AR 24.) Plaintiff's argument focuses on alleged inconsistencies between the VE's testimony and non-DOT sources. Yet, the ALJ is not required to reconcile conflicts between the VE's testimony and non-DOT sources, such as the ORS or O*NET OnLine. *See Shaibi*, 883 F.3d at 1109-10 (finding no duty to inquire into an alleged conflict between the VE's testimony and non-DOT source); *see also Maxwell v. Saul*, 840 F. App'x 896, 899 (9th Cir. Dec. 15, 2020) (rejecting plaintiff's argument that ALJ failed to resolve conflict between VE's testimony and non-DOT vocational resources because an ALJ "does not have an affirmative obligation to resolve such conflicts") (citing *Shaibi*, 883 F.3d at 1109-10); *Rosalie M.M. v. Saul*, 2020 WL 5503240, at *2 (C.D. Cal. Sept. 11, 2020) (rejecting claim that ALJ was required to address inconsistency between VE testimony and the ORS and O*NET OnLine). Plaintiff does not cite any binding Ninth Circuit decision that finds that a VE must rely on the ORS or O*NET OnLine, or that any other source of job information controls when it conflicts with

---

[7] Even assuming the VE's testimony regarding the linen room attendant job conflicted with the DOT, Plaintiff fails to show that the hospital cleaner or dishwasher jobs conflicted with the DOT, as discussed above.

14

the VE's testimony, and the Court has found none. The Court declines to extend the ALJ's duty to resolve apparent conflicts under SSR 00-4p to apparent conflicts between a VE's testimony and non-DOT sources such as the ORS or O*NET OnLine.

Further, Plaintiff's lay interpretation of the vocational evidence does not trump the expertise of the VE. *See, e.g.*, *Kevin E. v. Saul*, 2021 WL 134584, at *6 (C.D. Cal. Jan. 14, 2021) (finding a lay interpretation of data from non-DOT sources, such as the ORS and O*NET OnLine, "fails to undermine the reliability of the vocational expert's testimony") (citing, among others, *Selia R. v. Saul*, 2020 WL 3620228, at *14 (E.D. Wash. Apr. 27, 2020) ("[C]ourts in this circuit considering similar arguments have found that lay assessment of raw data does not rebut a vocational expert's opinion."); *David G. v. Saul*, 2020 WL 1184434, at *5 (C.D. Cal. Mar. 11, 2020) ("Plaintiff's subjective lay assessment of the data [from various non-DOT sources] is insufficient to undermine the VE's analysis."), *aff'd* 837 F. App'x 516 (9th Cir. Feb. 22, 2021)).

In sum, Plaintiff's claim is forfeited, but even assuming it is not, it is meritless. The Court finds that the ALJ's step five finding is supported by substantial evidence.

## V. CONCLUSION

IT IS ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: June 24, 2021

*Rozella A. Oliver*
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**